1  PETER B. O'BRIEN, BAR NO. 49684
   KELLY L. DUENCKEL, BAR NO. 168915
2  LAW OFFICES OF PETER B. O'BRIEN
   6767 Forest Lawn Drive, Suite 315
3  Los Angeles, California  90068-1027
   (323) 851-5352 telephone
4  (323) 851-4797 fax

5  Attorney for Plaintiff
   JUNE LYNCH
6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 JUNE LYNCH,                          | CASE NO:
13                        Plaintiff,    | **COMPLAINT FOR DAMAGES**
14 vs.                                  | 1.   **DECLARATORY RELIEF**
                                        | 2.   **TITLE II, AMERICANS WITH**
15 ACCESS SERVICES, INC.;               |      **DISABILITY ACT**
   GLOBAL PARATRANSIT, INC.;            | 3.   **SECTION 504 OF THE**
16 and DOES 1 through 25, inclusive,    |      **REHABILITATION ACT OF 1973**
                                        | 4.   **TITLE VI OF THE CIVIL RIGHTS**
17                        Defendants.   |      **ACT OF 1963**
                                        | 5.   **42 U.S.C. §1983 VIOLATION OF**
18                                      |      **EQUAL PROTECTION UNDER**
                                        |      **14TH AMENDMENT**
19                                      | 6.   **TITLE II [LOCAL GOVERNMENT]**
                                        |      **AMERICANS WITH DISABILITY**
20                                      |      **ACT**
                                        | 7.   **INJUNCTIVE RELIEF**
21

22      COMES NOW the Plaintiff, JUNE LYNCH, and alleges as follows:

23

24                    **JURISDICTION AND VENUE**

25

26      1.      This court has subject matter jurisdiction on this case pursuant to 28 U.S.C. §1331

27                                       1

28 ────────────────────────────────────────────
                      COMPLAINT FOR DAMAGES

1    which gives district courts jurisdiction over all civil actions arising under the Constitution and

2    laws and treaties of the United States and 28 U.S.C. § 1343(a) for actions under laws providing

3    for the protection of civil rights; and (b) any civil action to recover damages or to secure

4    equitable relief under any Act of Congress providing for the protection of civil rights. .

5          2.     This court is the proper venue for this cause of action pursuant to 28 U.S.C. §1391

6    (b)(1) and (b)(2).

7          3.     This court also has subject matter jurisdiction pursuant to 29 U.S.C. §1243 which

8    gives district courts original jurisdiction over (a) any civil action authorized by law to be brought

9    by any persons to redress the deprivations under color of state law, statute, ordinance, regulation,

10   custom and usage, or any right, privilege or immunity secured by the Constitution of the United

11   States or by an act of Congress providing for equal right of citizens or of all persons within the

12   jurisdiction of the United States; and (b) any civil action to recover damages or to secure

13   equitable relief under any Act of Congress providing for the protection of the civil rights.

14         4.     This is a civil action which seeks damages and injunctive relief under 42 U.S.C.

15   §1983 against Defendants for committing acts, under color of law with the intent and for the

16   purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United

17   States.  Additionally Plaintiff seek attorney fees as provided under 42 U.S.C. §1988.

18         5.     The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and

19   2202, 42 U.S.C. §1983, Rule 57 of the Federal Rules of Civil Procedure and 42 U.S.C. §12133

20   and 29 U.S.C. §794a.

21         6.     Additionally, this action is brought pursuant to Title II of the Americans with

22   Disabilities Act, 42 U.S.C. §12131 *et seq.*, and regulations promulgated thereunder; Section 504

23   of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and regulations promulgated

24   thereunder; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and regulations

25   promulgated thereunder and California law under Civil Codes §§2100 and 2168.

26         7.     This action is also brought pursuant to Title III of Americans with Disabilities

2

Act, 42 U.S.C. §12131 *et seq.*, and regulations promulgated thereunder; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and regulations promulgated thereunder.

8.      This action seeks relief under Title VI of the Civil Right act of 1964 over which this court has jurisdiction; 42 U.S.C. §2000d *et seq.*

9.      This is also an action to redress deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 to wit, equal protection.

10.     This Court has supplemental jurisdiction over all other claims that are so related to claims in this action that are within such original jurisdiction that they form part of the same controversy under Article III of the United States Constitution pursuant to 28 U.S.C. §1367.

## THE PARTIES

11.     Plaintiff, June Lynch ("LYNCH"), is a black, female, age 71, born in Trinidad with a disability who at all time relevant was a resident of the County of Los Angeles, State of California

12.     A all times relevant she used public transportation provided by the Defendant Access Services ("ACCESS").

13.     ACCESS is a government entity which operates as a Consolidated Transportation Service Agency ("CTSA") and provides paratransit service to the disabled and elderly in the greater Los Angeles area as mandated by state and federal law.

14.     Defendant, Global Paratransit, Inc. ("GPI") provides, under a written contract, various services including drivers and the Vans that ACCESS uses and was using when the Plaintiff, LYNCH, was injured on or about November 4, 2014.

/ / / /

3

## APPLICABLE LAW AND POLICY

15.     Under 42 U.S.C. §12143(a) the ADA requires, for the disabled, a "comparable" level of service to those not disabled using public transportation; the ADA is intended to provide to individuals with disabilities the same mass transportation service opportunities everyone else gets.  Plaintiff alleges that she is protected by the common carrier duties of highest care when riding paratransit services provided by ACCESS.

16.     The ADA requires the Los Angeles County Metropolitan Transportation Authority ("MTA") to provide a complementary paratransit service for people who are elderly or with disabilities that is comparable to the fixed route system. 42 U.S.C. §12143(a); 49 C.F.R. §37.121(a).

17.     In order to meet the ADA's requirement that the paratransit system be "comparable" to the fixed route system, MTA authorizes ACCESS and GPI (and others) to operate the paratransit system throughout the County of Los Angeles provided that Defendants "shall not limit the availability of complementary paratransit service to ADA paratransit eligible individuals by . . . [a]ny operational pattern or practice that significantly limits the availability of service to ADA paratransit eligible persons." 49 C.F.R. §37.131(f).

18.     42 U.S.C. §12101 provides that the ADA shall be construed broadly in order to effectively implement the ADA's fundamental purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.

19.     A violation of the ADA constitutes a violation of California's Disabled Person Act, California Civil Code §51(c).

20.     ACCESS must comply with Title VI of the Civil Rights Act of 1964.  As a recipient of federal financial assistance, Defendants are subject to Title VI of the Civil Rights Act of 1964 ("Title VI").  Moreover, to the extent that ACCESS hired a contractor to perform or deliver services directly or through contractual or other arrangements Access is liable under

4

1    Title VI for their acts, including those of defendant GPI under 28 C.F.R. §42.104(b)(1) and (2).

2        21.    Section 504 of the Rehabilitation Act of 1973 and the Civil Rights Restoration Act

3    of 1987 also afford protection.

4        22.    Title II prohibits discrimination and provides the full panoply of remedies for,

5    among other things, intentional discrimination based on disability; Title III of the ADA,

6    provides that ACCESS must prohibit discrimination against the disabled in the full and equal

7    enjoyment of public accommodations. 42 U.S.C. §12182(a) .

8        23.    42 U.S.C. §12184(a) prohibits discrimination by a private entity that provides

9    "specified public transportation services."

10       24.    As to transportation services, the statutes are implemented by, among others,

11    regulations 49 C.F.R. §27.1 and §27.7 which provides that those receiving federal financial

12    assistance may not discriminate.

13       25.    As to transportation services, 49 C.F.R. §§37.121 to 37.155, regulates

14    transportation services for Individuals with Disabilities.

15       26.    ACCESS is a federal funding recipient and is a state mandated local public agency

16    created by Los Angeles County as a public transit agency to administer and manage the delivery

17    of complementary ADA paratransit service and to coordinate human service transportation

18    agencies under the CTSA; it must comply with Title VI of the Civil Rights Act of 1964. It is

19    the CTSA for Los Angeles County's 43 public fixed route operators and various rail

20    transportation entities.

21       27.    Under 42 U.S.C. §12132 and 29 U.S.C. §794, it is discriminatory to fail to provide

22    disabled individuals "a level of service which is comparable to the level designated public

23    transportation services provides to individuals without disabilities using such system."

24       28.    Plaintiff has a private cause of action for damages under Title VI of the Civil Right

25    act of 1964 and a private cause of action for damages under the ADA, Title II and Title III.

26       29.    The Fourteenth Amendment to the United States Constitution provides, in

27

28

1  pertinent part, that no State shall "deny to any person within its jurisdiction the equal protection
2  of the laws." U.S. Const., Amendment XIV, Section 1. Plaintiff alleges that she has been
3  denied equal protection; among other things she is denied the higher duty of care afforded paying
4  patrons of public transportation when riding ACCESS paratransit. Neither a compelling state
5  interest nor a rational basis for such denial exists.

6       30.     42 U.S.C. §1983 protects against acts by government under color of state law.
7  ACCESS is a governmental entity claiming that it does not have common carrier duties of
8  utmost care. ACCESS, while acting under color of state law, deprived Plaintiff of a federal right
9  to equal protection by implementation of a policy, statement, decision officially adopted and
10 promulgated by that body's officers and/or the result of the entity's custom or policy which
11 is/was the driving force behind the deprivations of equal protection and with the remedies,
12 procedures, and rights set forth in Section 504 of the Rehabilitation Act of 1973 (29 U.S.C.
13 §794a) which provides remedies, procedures, and rights provided to any person alleging
14 discrimination on the basis of disability in violation of Section 202, 42 U.S.C §12133.

15      31.     ACCESS, on January 4, 2016, alleged in its Answer in the litigation generally
16 entitled  Lynch v. Access, Case Number BC574568 and now pending in the Los Angeles
17 Superior Court, that it was not a common carrier. No cause of action for violation of the ADA,
18 Title VI, 42 U.S.C. §1983 or Equal Protection has been pled. The issue of common carrier status
19 is to be heard in a Motion for Summary Adjudication on April 8, 2016 wherein the State court
20 will decide if common carrier status does or does not exist for Plaintiff.  Issue of monetary
21 damages arising from civil rights violations as set forth herein are not sought in the State Court
22 proceeding and this action has been filed with one of the avowed purposes to avoid the running
23 of any statute of limitations.

24      32.     Plaintiff further asserts that she has, under Title II of the ADA, a private right of
25 actions routinely found by the courts. Wesinreich v. Los Angeles County Metro. Transportation
26 Authority 114 F.3d 976 (9th Cir 1997).

27
28

COMPLAINT FOR DAMAGES

33.     Under 49 C.F.R. Section 37.121(a), the U.S. Department of Transportation requires that each public entity operating fixed route system shall provide paratransit or other special service to individuals with disabilities that is comparable to the level of service provided individuals without disabilities who use fixed route systems.

34.     Under California law those providing public transportation for hire are common carriers. See California Civil Code §2100 and Civil Code §2168; Gomez v. Superior Court (2011) 35 Cal.4th 1125. ACCESS alleges that the disabled and aged are not members of the general public and thus they have no common carrier duties running to the Plaintiff; their duty runs to only those certified for transport and further that the duty owed is not the highest duty of care.

35.     As to the State of California's law, California Government Code §15975 provides in part that an entity formed by the "regional transportation authority as a nonprofit public benefit corporation shall be designated as the consolidated transportation service agency . ."

## PRELIMINARY STATEMENT

36.     On November 4, 2014 plaintiff, LYNCH, boarded an ACCESS vehicle as a payee seeking transportation for hire. ACCESS was providing paratransit services to LYNCH who had previously been certified as disabled . ACCESS had recorded, as part of their certification process, the fact that LYNCH has pre-existing problems including knee surgery, low back problems, the need for a cane, walked with a shortened gait, had vericose veins, and a history of mental issues described only as depression and treatment by both a psychiatrist and psychologist.

37.     When boarding she was not given assistance. As a result thereof, she fell injuring herself. ACCESS alleges that the only duty of care they owe to the Plaintiff is one of simple negligence. Plaintiff avers that she is at risk of losing her case without a common carrier duty

of highest care running to her during the events of November 4, 2014.

38      In this action she seeks a private right of damages under 43 U.S.C. §1983 and the equal protection clause of the U.S. Constitution set forth in the 14th Amendment.

39.      Then too, she seeks a private right of action under Title VI of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and Title II and III of the ADA.

40.      Further she seeks declaratory relief on the issue of whether or not she is entitled to the greater protections afforded by a determination that ACCESS is a common carrier to wit that ACCESS must afford LYNCH a higher standard of care.

41.      ACCESS and GPI allege to the contrary and in that allegation frame the issues for declaratory relief.

42.      Additionally, LYNCH seeks an injunction prohibiting ACCESS from claiming a lower standard of care for their disabled patrons than that afforded those patrons riding other forms of public transportation.

43.      As to GPI, it is alleged to be a private company providing myriad services including the drivers, the Vans, the accounting, the insurance and other forms of benefits. Plaintiff alleges that they are equally liable and that GPI has violated provisions of the various statutes and regulations set forth above albeit they are a private company under contract to a governmental entity.

44.      At all time material, ACCESS was receiving federal funds.

45.      ACCESS, in its role as the CTSA coordinates paratransit services and knows that it is a public transportation provider for hire and that it serves the aged and disabled, among others.  As such, its claim to a lower standard of care than all others in its association is against the law and intentional denying the hundreds of people injured on ACCESS vehicles over the years the legal standard of the highest duty of care.

46.      Plaintiff alleges that the foreseeability of injury to the aged and disabled is high, there is a degree of certainty that the plaintiff suffered injury, there is a closeness of the

connection between the defendants' conduct and the injury suffered (LYNCH was injured in an ACCESS vehicle), that moral blame attached to the defendants' conduct, that considerations of public policy community standards compel imposition of higher standards of care to the disabled, that insurance is prevalent and easily provided to all manner of public transportation entities thus satisfying all elements of any duty analysis.

47.     Given the protections afforded by the ADA, Titles II and III, Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), the remedies, procedures, and rights provided to any person alleging discrimination on the basis of disability in violation of Section 202, 42 U.S.C. §12133, are available to the plaintiff as she is a member of a class protected by such statutes.

48.     The ADA provides that no person "shall be excluded from participation in or be denied benefits of the services programs or activities of a public entity or be subjected to discrimination by such an entity. 42 U.S.C. §120132. Plaintiff alleges that she is aged and disabled and should be afforded the protections; she is being discriminated against by ACCESS and GPI and being denied benefits and services that the higher standard of care imposed on common carriers provides.

49.     Plaintiff seeks an injunction requiring Defendants, and each of them, to immediately declare themselves common carriers with the requisite duties imposed on them under California law and extending protections to Plaintiff and all paratransit riders. Plaintiff also seeks individual damages for the discrimination and harm she has suffered.

50.     Plaintiff seeks general damages arising out of ACCESS' and GPI's violation of her civil rights including the intentional and deliberate indifference to the needs of the elderly and disabled. The denial of the common carrier highest standard of care has proximately caused emotional distress and psychological damage in addition to the damages arising from her injuries in the fall on November 4, 2014.

51.     Defendants continue to refuse and fail to acknowledge that they are common

9

carriers. Defendants' refusal and failure to identify ACCESS and GPI as common carriers have left Plaintiff feeling humiliated, emotionally distraught, and discriminated against because of her age and disabilities. Because of Defendants' failure to acknowledge that ACCESS and GPI are common carriers, Plaintiff remains concerned about further use of paratransit services provided by Defendants should circumstances force her to litigate any future action for injuries and damages against Defendants.

52.     To the extend permitted by law she seeks attorney fees and costs

## JURY DEMAND

53.     Plaintiff demands trial by jury in this action on every one of her claims.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief )

54.     Plaintiff repeats and realleges the above paragraphs.

55.     This claim for relief is brought against each and every Defendant.

56.     Plaintiff, LYNCH, alleges that ACCESS and GPI are duty bound under the law to provide common carrier duties of utmost care.  Defendants assert they are not so bound. Plaintiff believes that a declaratory judgment will terminate the controversy involving an issue of law on relatively undisputed facts that involves a right, duty, power, or liability which may be declared and that the court may order a speedy hearing of a declaratory judgment as set forth in FRCP 57.

57.     Plaintiff seeks this court's judgment that ACCESS and GPI are common carriers and/or held to the common carrier duty of highest care pursuant to the authority to so rule under declaratory and injunctive relief are sought under 28 U.S.C. §§2201-02, 42 U.S.C. §12133, 29 U.S.C. §794a.

10

## SECOND CLAIM FOR RELIEF

**(Title II, the ADA,  42 U.S.C. §12133, 42 U.S.C. §§12143 and 12144, 29 U.S.C. §794a)**

58.     Plaintiff has impairments that substantially limit one or more major life activities and is a qualified individual with disabilities within the meaning of 42 U.S.C. §12131(2). She is qualified to apply for and/or  receive ADA paratransit services. Title II prohibits discrimination  under Part A-Prohibition Against Discrimination (12131 to 12134) and Part B-Public Transportation (12141 to 12165).

59.     ACCESS and GPI provide paratransit and other special transportation services to individuals with disabilities pursuant to 42 U.S.C. §12143(a)(1).  Further, as required by law the service offered must be "comparable to the level of designated public transportation services provided to individuals without disabilities using such [fixed route] systems."

60.     In excess of 43 fixed route transportation systems in the Los Angeles Basin have joined to provide a CTSA of which ACCESS is the lead entity.

61.     ACCESS certified LYNCH as an eligible rider and, by that certification, alleges that their certification the disabled riders are not members of the general public to which they owe a duty of utmost care.

62.     ACCESS and GPI, in their refusal to identify themselves as common carriers, and to adopt the duty of utmost care discriminate against Plaintiff by denying or significantly limiting her ability to redress her grievances against said Defendants in civil actions and/or claims for injuries and damages.  Plaintiffs or claimants who, under other public transportation systems providing fixed route systems, enjoy greater ability to redress their grievances, are denied that same right when on ACCESS routes.

63.     Through its policy and practice of denying their common carrier status, Defendants are engaging in an operational pattern or practice that significantly limits the liability of complementary paratransit service to ADA paratransit eligible individuals. This constraint constitutes disability discrimination under the ADA.

11

64.     Defendants' paratransit system provided by ACCESS and GPI is not comparable to MTA's or other fixed route providers.

65.     Defendants' violations constitute continuing violations of law.

66.     Plaintiff is entitled to injunctive relief and damages, to wit, any appropriate relief, in an amount to be determined by the Court.

## THIRD CLAIM FOR RELIEF

### (Section 504 of the Rehabilitation Act of 1973)

67.     Plaintiff repeats and realleges the above paragraphs.

68.     This claim for relief is brought against each and every Defendant.   As to GPI it is a direct recipient and/or indirect recipient of federal funds and it either directly  or through contractual arrangements performs a program function of the recipient, ACCESS.

69.     Plaintiff, LYNCH, has impairments that substantially limit one or more major life activities.  Under section 504 of the Rehabilitation Act of 1973 discrimination on the basis of disability is prohibited.

70.     Plaintiff, LYNCH, is an individual with disabilities within the meaning of 29 U.S.C. §705(20). She is qualified to apply for and/or receive ADA paratransit services.  And, in fact, was certified to use ACCESS paratransit services.

71.     Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §794.

72.     Defendants' paratransit system is a program or activity receiving federal financial assistance and is therefore subject to Section 504 of the Rehabilitation of Act of 1973.

73.     Recipients of federal financial assistance "shall comply with all applicable requirements of the [ADA] including the Department of Transportation's ADA regulations (49

12

C.F.R. parts 37 and 38) . . . . Compliance with all these regulations is a condition of receiving Federal financial assistance from the Department of Transportation." 49 C.F.R. §27.19.

74.     Defendants' policy and practice of refusing and failing to identify ACCESS and GPI as common carriers discriminates against Plaintiffs by denying or significantly limiting the services provided to the elderly and disabled who use  paratransit services in violation of the ADA's  paratransit  requirements.   Defendants'  failure  to  comply  with  the  paratransit requirements under ADA, Title II, constitutes a violation of their obligations under Section 504 of the Rehabilitation Act of 1973 as recipients of federal financial assistance.

75.     Defendants' actions prevent a Plaintiff, elderly and with disabilities, from having equal protection under the law with regard to public transportation.

76.     Defendants' violations constitute continuing violations of law.

77.     Plaintiff is entitled to injunctive relief and damages, to wit, any appropriate relief, in an amount to be determined by the court as well as attorney fees under 29 U.S.C. §794b.

## **FOURTH  CLAIM FOR RELIEF**
### **(Title VI of the Civil Rights Act of 1964)**

78.     Plaintiff repeats and realleges the above paragraphs.

79.     This claim for relief is brought against each and every Defendant.

80.     Plaintiff is elderly, disabled, black and from Trinidad and asserts that the defendant acted discriminatorily  in part because of her race, color and national origin.

81.     Defendants'  operates  a  paratransit  program  or  service  that  receives  Federal financial assistance. Title VI prohibit discrimination  on the basis of race, color, or national origin  in programs and activities receiving Federal financial Assistance. 42 U.S.C. §2000d.

82.     Defendants have been on clear notice of their obligation to identify ACCESS and GPI as common carriers. Plaintiff believes that there was a departure from standard procedures, minutes of meetings wherein the issue of common carrier duties was discussed, statements by

13

decision makers regarding the higher standard of care, a post <u>Gomez v. Superior Court</u> [(2005) 35 Cal.4th 1125] analysis of common carrier status and that the continued claim to a lower standard of care has a substantial disparate impact on a protected group riding paratransit transportation provided by defendants. Further , Defendants have engaged in a deliberate policy and practice of denying that ACCESS and GPI are common carriers in civil actions prosecuted against them by paratransit riders for their injuries and damages. Plaintiff alleges that Defendants cannot articulate a substantial legitimate justification for such action.

83. Defendants have done so knowing that the California <u>Civil Code</u> §§2100 and 2168 along with the California Supreme Court's ruling in <u>Gomez v. Superior Court</u> (2005) 35 Cal.4th 1125 establish the elements of common carrier status that apply to ACCESS and GPI.

84. Defendants' policy and practice of refusing to identify ACCESS and GPI as common carriers intentionally discriminates against Plaintiff by denying her meaningful equal protection under the laws with respect to Defendants' paratransit program or service in violation of Title VI of the Civil Rights Act of 1964.

85. Defendants' violations constitute continuing violations of law.

86. Plaintiff is entitled to injunctive relief and damages in an amount to be determined by the court.

## **FIFTH CLAIM FOR RELIEF**

### **(42 U.S.C. §1983 violations and equal protection under 14th Amendment to the US Constitution)**

87. Plaintiff repeats and realleges the above paragraphs.

88. This claim for relief is brought against each and every Defendant.

89. 42 U.S.C. §1983 protects against acts by government under color of state law. Access is a governmental entity claiming that it does not have common carrier duties of utmost care. ACCESS, and GPI while acting under color of state law, deprived plaintiff of a federal

14

right to equal protection including the right to a higher standard of care imposed upon common carriers.   To the extent that the higher standard o care is extended to those with disabilities and a right to be free of discrimination on the basis of disability under Title II and Title III of the ADA with the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act of 1973 ( 29 U.S.C. §794a) which provides remedies, procedures, and rights that protect any person alleging discrimination on the basis of disability in violation of section 202, 42 U.S.C. §12133 then such rights are implicated and protected under the equal protection clause.

90.   On January 4, 2016, ACCESS alleged in its Answer in the litigation generally entitled <u>Lynch v. Access</u>, BC 574568 and now pending in the Los Angeles Superior Court, that it was not a common carrier.

91.   Defendants' policy and practice of refusing to identify ACCESS and GPI as common carriers intentionally discriminates against Plaintiff by denying her meaningful equal protection under the laws with respect to Defendants' paratransit program or service under the ADA and in violation of Title VI of the Civil Rights Act of 1964. The continuing claims of no common carrier duties evidences an intent to disadvantage all members of a class that includes plaintiff.

92.   Defendants' violations constitute continuing violations of law.

93.   Plaintiff is entitled to injunctive relief and damages in an amount to be determined by the court as well as attorneys fees under 42 U.S.C. §1988.

## SIXTH CLAIM FOR RELIEF

### (Title III, [local government] the ADA, 42 U.S.C. §12101, 28 C.F.R. part 35, et seq.

### 29 U.S.C. §701)

94.   Plaintiff repeats and realleges the above paragraphs.

95.   This claim for relief is brought against each and every Defendant.

96.   To the extent that the claims against ACCESS and GPI are not governed by Title

15

II of the ADA because they are a public transportation service, Plaintiff alleges that defendants are engage in discrimination in their services, programs and activities when alleging in judicial proceedings that they are not common carriers and, thus, she is protected by Title III.

97.     Plaintiff is an individual with a disability under the ADA, Title II, and is otherwise qualified to receive the benefits of ACCESS' and GPI'S services, program, and activities that they are to provide. She has been approved/certified as disabled by ACCESS and GPI.

98.     Plaintiff meets the requirements of the ACCESS and GPI and she has been denied the benefits of Defendants' services, programs, and activities or was otherwise discriminated against by ACCESS and GPI solely by reason of her disability.

99.     Defendants' violations constitute continuing violations of law.

100.    Plaintiff is entitled to injunctive relief and damages in an amount to be determined by the court

## SEVENTH CLAIM FOR RELIEF

### (Injunctive relief)

101.    The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983, Rule 57 of the Federal Rules of Civil Procedure, 42 U.S.C. §12133, and 29 U.S.C. §794a.

102.    Plaintiff seeks an injunction preventing ACCESS and GPI from asserting that they are not common carriers with the attendant higher duty of care running to the disabled and elderly who use ACCESS paratransit services.

103.    Further, Plaintiff seeks a finding of this court that ACCESS and GPI are common carriers and that to deny they are is a denial of equal protection and is violative of 42 U.S.C. §1983, Title II and Title III of the ADA, and Section 504 of the Rehabilitation Act of 1973.

104.    Plaintiff seeks further order of this court mandating that ACCESS and GPI no longer assert in any civil litigation that they are not a common carrier.

16

105.   As to the civil litigation now pending in the Los Angeles Superior Court Plaintiff seek a stay as ordered by this court.

WHEREFORE, the Plaintiffs respectfully request that the Court:

106.   Assume jurisdiction over this matter;

107.   Declare that the Defendants' actions violate Plaintiff's rights under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, and regulations promulgated thereunder;

108.   Declare that the Defendants' actions violate Plaintiff's rights under Title III of the Americans with Disabilities Act, and regulations promulgated thereunder;

109.   Declare that the Defendants' actions violate Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, and regulations promulgated thereunder;

110.   Declare that the Defendants' actions violate Plaintiff's rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, *et seq.*, and regulations promulgated thereunder;

111.   Declare that the Defendants' actions violate Plaintiff's rights under the 42 U.S.C. §1983 and her constitutional protections to equal protection under the United States Constitutions , 14th Amendment..

112.   Enjoin further violations of Plaintiff's statutory rights, including but not limited to an injunction that requires Defendants to:

a)      identify that ACCESS  and GPI are common carriers;

b)      Create a written notice of their common carrier status and post it on ACCESS  and GPI vehicles, at Defendants' offices, assessment centers, and on correspondence sent from Defendants;

113.   Stay the proceedings in the Los Angeles Superior, Lynch v. Access, BC574568, pending this court's ruling;

17

COMPLAINT FOR DAMAGES

1      114.    Issue a judgment against Defendants in an amount to be determined by the Court,

2  including compensatory damages for injuries sustained by Plaintiff in amounts that are fair, just,

3  and reasonable;

4      115.    Award Plaintiffs reasonable attorneys' fees and costs; and

5      116.    Grant any other relief the Court deems necessary and proper.

7  DATED: April 4, 2016          Respectfully Submitted:

8                            LAW OFFICES OF PETER B. O'BRIEN

10                 By:

11                        PETER B. O'BRIEN
                              KELLY L. DUENCKEL

12                        Attorneys for Plaintiff
                              JUNE LYNCH

COMPLAINT FOR DAMAGES