James G. Jones, Esq. (Bar No. 043449)
jjones@joneslester.com
Matthew W. LaVere Esq. (Bar No. 245822)
mlavere@joneslester.com
**JONES & LESTER, L.L.P.**
300 E. Esplanade Drive, Suite 1200
Oxnard, CA 93036-1247
Telephone:  (805) 604-2655
Facsimile:   (805) 604-2656

Attorneys for Defendants
ACCESS SERVICES

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE LYNCH, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ACCESS SERVICES INC., GLOBAL PARATRANSIT, INC.; and DOES 1 through 20 inclusive,<br><br>    Defendants. | Case No.: 2:16-cv-02288-MRW<br><br>**DEFENDANT ACCESS SERVICES' NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6); DECLARATION OF MATTHEW W. LAVERE**<br><br>Hon. Michael R. Wilner<br><br>Hearing Date: May 25, 2016<br>Time: 9:30 a.m.<br>Courtroom: 550 |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 25, 2016 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 255 E. Temple Street, Los Angeles, CA 90012, defendant ACCESS SERVICES ("Access") will move the court to dismiss this action pursuant to FRCP 12(b)(1) and 12(b)(6).

This motion is made on the grounds that this Court lacks jurisdiction and should abstain and either dismiss or stay this federal lawsuit because Plaintiff has a related suit pending in state court. This motion is also made on the grounds that this Court should dismiss each and every cause of action alleged in Plaintiff's complaint as the conduct of Access supporting each cause of action is privileged and protected under California Civil Code § 47 (the "Litigation Privilege"). Lastly, this Court should dismiss each and every cause of action alleged in Plaintiff's Complaint because Plaintiff lacks sufficient facts to allege a violation of 42 U.S.C. §1983, Title II of the Americans with Disabilities Act, Title VI of the Civil Rights Act, Section 504 of the 1973 Rehabilitation Act, or any of the other relief sought therein.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, Access's Request for Judicial Notice separately bound and filed concurrently herewith and the pleadings and papers filed herein.

<u>L.R. 7-3 Compliance Statement:</u>

A conference of counsel as required by LR 7-3 took place via conference call on April 22, 2016 as required by Local Rule 7.3

DATED: April 27, 2016                     JONES & LESTER, LLP


                                          By:  /s/ James G. Jones
                                               James G. Jones, Esq.
                                               Attorney for Defendant
                                               Access Services

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

While simultaneously suing Access Services ("Access" or "ASI") in state court, plaintiff June Lynch ("Plaintiff") brings this Federal Court action against Access complaining of myriad civil and constitutional rights violations arising out of the same facts contained in the state court matter. Yet what is abundantly clear is that this Federal Court action is nothing more than Plaintiff's attempt to seek an advisory opinion from the federal bench on an affirmative defense pled by Access in the state court matter, which is set for trial in one month. Obviously this is not a proper use of federal court time and resources. More fundamentally, Plaintiff's Complaint is deficient and should be dismissed for three very important reasons:

First, each and every allegation raised by Plaintiff in her federal Complaint could have, *and should have*, been raised and resolved in her state court matter. In that state court litigation, Plaintiff brought claims against Access for negligence and intentional infliction of emotional distress involving a purported personal injury suffered by Plaintiff while entering an Access vehicle. In her state court complaint, Plaintiff alleges that Access should be held to a heightened standard of care because it is a "common carrier" under California law. In its Answer, Access raised numerous affirmative defenses, including the defense that it is *not* a common carrier and should not be held to the heightened standard of care. It is the assertion of this affirmative defense that provides the basis for each and every cause of action against Access alleged in Plaintiff's federal court Complaint. If Plaintiff had concerns that this affirmative defense violated her constitutional and civil rights under the ADA and the Civil Rights Act, then the state court matter (*the forum specifically chosen by Plaintiff to bring her initial complaint*) would have been the proper forum to raise such complaints as it is the court where the affirmative defense was plead by Access.

1	Second, the act of asserting affirmative defenses in the state court matter is
2	privileged and protected by California Civil Code § 47, the "Litigation Privilege"
3	statute. Asserting an affirmative defense in litigation cannot, ***as a matter of law***,
4	give rise to, or provide the underlying basis for the causes of action asserted by
5	Plaintiff herein.

6	Third, Plaintiff's Complaint makes a critical error in that it confuses the
7	***transportation*** duties and responsibilities of Access under the ADA with ***legal***
8	***standard of care*** issues that are nowhere to be found in the ADA or the Civil
9	Rights Act. Title II B of the ADA establishes a civil right for persons with
10	disabilities to an accessible public fixed route transit system.  42 USC §12143
11	establishes the obligation of public fixed route systems to offer paratransit
12	service  to persons with disabilities functionally unable to ride the accessible
13	public fixed system that is complementary with and comparable  to the "level of
14	service" provided to persons without disabilities. What is a comparable level of
15	service is, pursuant to the statute, to be determined by DOT regulations. 42 USC
16	12143(c)(3); 49 CFR 37.131(b).  Therefore both the statue and the regulations
17	have to do with level of transportation services and not with degree of liability or
18	standard of care which is nowhere therein mentioned in the statue or the
19	regulations.  As Plaintiff makes no factual showing that she was not provided
20	comparable ***transportation*** services or that she was discriminated against in
21	Access' ***transportation*** services provided to her, her claims fall as a matter of
22	law.

23	For purposes of background information, Access Services, erroneously
24	sued herein as Access Services, Inc. is the Consolidated Transportation Services
25	Agency for Los Angeles County (Cal. Gov. Code §§ 14055, 15975 and 15976).
26	It provides (*to qualified persons with disabilities American with Disabilities Act*
27	*(ADA)*) mandated complementary paratransit service comparable to the non-
28	commuter bus and rail service of its current 44 public fixed route members

pursuant to the Los Angeles County Coordinated Paratransit Plan approved by the Federal Transit Administration. *See*, 42 U.S.C. § 12143. It was formed by the Los Angeles County Metropolitan Transportation Authority, the regional transportation planning agency for Los Angeles County [Cal. Gov. Code §§ 15958, 29530-32], as a non-profit mutual benefit corporation, designated as the Los Angeles County Consolidated Transportation Services Agency [Cal. Gov. Code §§ 14055, 15975, 15976] and charged with administering a countywide coordinated paratransit plan adopted pursuant to Section 37.141 of Chapter 49 of the Code of Federal Regulations. Accordingly, Access is a public entity for purpose of Cal. Gov. Code §§ 811.2 and 910 et seq. Cal. Gov. Code §15875(b)[1].

The bottom line is that Plaintiff has a currently pending state court matter set for trial in one month. This is the litigation and forum where the instant federal court claims should have been brought. For all of the above-referenced reasons, Access respectfully requests that Plaintiff's federal court Complaint be dismissed in its entirety.

## II. REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF'S PENDING STATE COURT LAWSUIT

Filed concurrently with this motion to dismiss is a request for judicial notice, pursuant to Evidence Code Section 201. Defendants ask this court to take judicial notice of the pending state court action brought by the same plaintiff, June Lynch, against the same defendants, Access and Global Paratransit, Inc., involving the same facts and circumstances contained in the state court matter.

---

[1] Cal.Gov. Code § 15975(b) provides: *" An entity formed by the regional transportation planning authority as a nonprofit public benefit corporation, designated as a consolidated transportation services agency under this section and charged with administering a countywide coordinated paratransit plan adopted pursuant to Section 37.141 of Chapter 49 of the Code of Federal Regulations shall, for the purposes of paragraph (2) of subdivision (e) of Section 14055 and Part 1 (commencing with Section 810) and Part 2 (commencing with Section 814) of Division 3.6 be deemed a "public agency" within the meaning of "public entity," as defined in Section 811.2"*

That complaint is specifically mentioned in and referred to in the Plaintiffs Federal claims herein (See Complaint , p.6, lns 15 to 17).

The original complaint (Ex. 1) was filed in the Los Angeles County Superior Court on March 5, 2015, alleges the following causes of action:

1. Negligence; and

2. Intentional Infliction of Emotional Distress;

The first amended complaint (Ex. 2) was filed on June 29, 2015, and alleges the same causes of action:

1. Negligence; and

2. Intentional Infliction of Emotional Distress.

For the court's ease of reference, this federal lawsuit was filed by Ms. Lynch on April 4, 2016.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action where the court lacks subject-matter jurisdiction due to abstention. The abstention doctrine allows federal courts to defer to state courts and state judicial proceedings as the basis for refusing to exercise jurisdiction.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See*, *North Star Int'l v. Arizona Corporation Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

This standard was clarified by the court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The *Twombly* court stated that "[a]lthough a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide

detailed factual allegations, it must offer 'more than labels and conclusions' and contain more than a formulaic recitation of the elements of a cause of action." *Id*. at 558-59. The complaint must indicate more than mere speculation of a right to relief. *Id*. General allegations of constitutional violations, or simply tracking statutory language, is insufficient to properly raise a claim for relief. *Id*. at 555. Where, as here, the complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.

To meet this requirement, the complaint must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient and such statements are not entitled to a presumption of truth. *Id*. at 1949-50. *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." *Twombly*, 550 U.S at 557.

"A complaint may fail to show a right to relief either by an (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc*. 749 F.2d 530, 534 (9th Cir. 1984). As set forth in greater detail below, both rationales support dismissal here.

Plaintiff's federal court complaint alleges the following seven (7) causes of action against Access: 1) Declaratory Relief, 2) violation of Title II, Americans with Disabilities Act, 3) violation of Section 504 of the Rehabilitation Act, 4) violation of Title VI of the Civil Rights Act of 1963, 5) violation of 42

Case 2:16-cv-02288-MRW   Document 10   Filed 04/27/16   Page 8 of 13   Page ID #:40

U.S.C. §1983 Equal Protection under the 14th Amendment, 6) violation of Title II (local government) Americans with Disabilities Act, and 7) Injunctive Relief.

## IV. FEDERAL ABSTENTION; MOTION TO DISMISS OR STAY THE ENTIRETY OF PLAINTIFF'S COMPLAINT; 12(B)(1) & (6)

Access asks this court to dismiss or stay this federal action pending resolution of the state court action (shown in Exhibits 1 & 2). See, *Quackenbush v. Allstate Ins. Co.* (1996) 517 US 706, 717-722 & 731. The elements for this court to exercise abstention are:

(1) A state court proceeding pending when the federal action was filed;

(2) The state court action implicates important state interests; and

(3) The state court action provides adequate opportunity to raise the federal claims.

Regarding the first element, "The critical question is … whether the state proceedings were underway before initiation of the federal proceedings." *Wiener v. County of San Diego* (9th cir. 1994) 23 F.3d 263, 266. Here, the state court complaint was filed more than one year before this federal court lawsuit and the State court case is almost ready for trial. That is, the state court lawsuit was filed on March 5, 2015 (Ex. 1) while this federal court lawsuit was filed on April 4, 2016. Clearly, element one is satisfied.

As to element number two, Plaintiff's state court action implicates important state interests because the lawsuit involves a public transportation agency responsible for providing paratransit services. That is, the state court lawsuit regards purported negligence on the part of Access involving a disabled passenger it had a duty to transport. *See*, *Harper v. Public Service Comm'n of West Va.* (4th Cir. 2005) 396 F.3d 348, 352-353. Hence, the second element is satisfied.

Thirdly, Plaintiff has the opportunity to litigate her federal claims in state court. Plaintiff has the right and ability to pursue *all* of her current federal claims

JONES & LESTER, L.L.P.   5769.70/214211.1   8   MOTION TO DISMISS

1 in her state court action. "State court proceedings are presumed adequate to raise
2 the federal claim 'in the absence of unambiguous authority to the contrary."
3 Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Federal Civil Procedure
4 Before Trial (The Rutter Group, rev. #1, 2014) 2:4420, p. 2E-51, quoting
5 *Pennzoil Co. v. Texaco, Inc*. (1987) 481 U.S. 1, 15. There is no authority
6 precluding Plaintiff from pursuing her federal claims in her currently pending
7 state court matter, rather there is controlling authority which holds quite the
8 opposite, namely, that state proceedings provide adequate opportunities for
9 plaintiffs to raise federal constitutional challenges. *See*, *Hirsh v. Justices of the*
10 *Supreme Court of California*, 67 F.3d 708, 747 (9th Cir. 1995). Thus, the third
11 element is also satisfied.

12 Not only this, by filing a separate federal court action, Plaintiff has
13 created a situation where different rulings may be made, and different remedies
14 ordered, by different courts involving the same parties and same facts.

15 As shown, all three elements are satisfied for this Court to exercise
16 abstention and permit the state court to adjudicate plaintiff's issues. Thereafter,
17 the state court judgment will be res judicata on all claims, both state and federal,
18 that could have been litigation in the state court proceedings. *Palomar*
19 *Mobilehome Prk Ass'n v. City of San Marcos* (9th cir. 1993) 989 F.2d 362, 365.
20 This approach is by far the most effective use of judicial time and resources.

21 Therefore, Access asks this Court to prevent Plaintiff from suing them
22 for the same event ***simultaneously*** in two separate courts. Defendants ask this
23 court to either stay or dismiss the federal court action pending resolution of the
24 state court action.

25 **V. THE ACTIONS OF ACCESS UPON WHICH PLAINTIFF BASES**
26 **HER COMPLAINT ARE PROTECTED AND NON-**
27 **ACTIONABLE UNDER THE CALIFORNIA LITIGATION**
28 **PRIVILEGE CODIFIED IN CIVIL CODE § 47**

In response to Plaintiff's state court complaint alleging that Access was a common carrier under California law, Access filed an Answer asserting several affirmative defenses, including the defense that it is not a common carrier. It is this affirmative defense plead by Access that provides the basis for each of Plaintiff's claims for relief in the federal action. But the assertion of an affirmative defense in litigation is protected by the litigation privilege contained in California Civil Code § 47. Therefore, Plaintiff's complaint fails to state a claim upon which relief can be granted.

Civil Code §47(b), i.e. the ***litigation privilege***, precludes liability arising from any communication that is: (1) made in judicial or quasi-judicial proceedings, (2) by litigants or other participants authorized by law, (3) to achieve the objects of the litigation, and (4) that has some connection or logical relation to the action. *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). The litigation privilege protects attorneys from statements and conduct made and arising out of a judicial proceeding. *Mattco Forge Inc. v. Arthur Young & Co.*, 5 Cal.App.4th 392, 402 (1992). Courts construe the litigation privilege broadly. *Rohde v. Wolf*, 154 Cal.App.4th 28, 37 (2007). Doubts as to the application of the litigation privilege are applied in favor of the privilege. *Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1138 (2008). The privilege extends to "any publication ... even though the publication is made outside the courtroom and no function of the court or its officers is invoked." *Albertson v. Raboff*, 46 Cal.2d 375, 380-381 (1956).

A publication in any judicial proceeding authorized by law is obviously privileged. Civil Code § 47(b). The litigation privilege is absolute and protects publications even if made with actual malice or an intent to cause harm. Albertson v. Raboff, 46 Cal.2d 375, 379 (1956); Silberg v. Anderson, 50 Cal.3d 205, 206 (1990). The only exception to the litigation privilege is a malicious prosecution action. Therefore, any affirmative defenses raised by Access in its answer to Plaintiff's state court complaint are absolutely privileged. And federal

court claims relying on such privileged activity must be dismissed. *Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993), holding the "principal purpose of section 47([b]) is to afford litigants ... the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."

Here, Plaintiff's Complaint unambiguously alleges Access' claim not to be a common carrier, as asserted in its state court Answer, is the basis for each cause of action alleged its federal action.[2] Accordingly, Access' Answer and affirmative defenses are protected litigation activities and because Plaintiff has failed to state any other basis for the allegation that Access has denied being a common carrier, Plaintiff's complaint fails as a matter of law.

## VI. PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED BECAUSE IT CONFUSES ACCESS' STATUTORY TRANSPORTATION DUTIES WITH STANDARD OF CARE ISSUES

Plaintiff's complaint makes a critical error in that it confuses the transportation duties and responsibilities of Access under the ADA with standard of care issues that are nowhere to be found in the ADA. Plaintiff's Complaint repeatedly asserts in each cause of action that Access violated her constitutional and/or civil rights by refuting that it is a common carrier. "[A] common carrier within the meaning of Civil Code section 2168 is any entity which holds itself out to the public generally and indifferently to transport goods or persons from place to place for profit." *Squaw Valley Ski Corporation v. Superior Court* (1992) 2 Cal.App.4th 1499, 1508. Common carriers in California are held to a heightened standard of care "based on a recognition that the privilege of serving the public as a common carrier necessarily entails great responsibility, requiring common carriers to exercise a high duty of care towards their customers." *Id.* at

---

[2] See, Plaintiff's Complaint, ¶¶ 31, 49-51, 56 (1st Cause of Action), 62-63 (2nd Cause of Action), 74 (3rd Cause of Action), 82-84 (4th Cause of Action), 90 (5th Cause of Action), 96 (6th Cause of Action), and 102-104 (7th Cause of Action).

1507.

But the California common carrier law pertains to legal standards of care for those who provide public transportation, they do not provide standards regarding the ***actual transportation*** provided by such entities. Accordingly, common carrier laws and the ADA are entirely distinct, that is: the ADA pertains only to transportation issues and does not include standard of care issues, and vice versa, California common carrier law pertains only to legal standards of care and in no way attempts to dictate how or what level of transportation services are provided. Plaintiff makes no allegation that she was not provided comparable transportation services as defined by the applicable DOT regulations nor that she was discriminated against in Access' transportation services provided to her. Accordingly, her claims fall as a matter of law.

Either Plaintiff does not understand this distinction or she is attempting to mislead the court as to the applicability of these statutes in support of her claims -- either way, Access' affirmative defense that it is not a common carrier in no way discriminates against Plaintiff, does not affect the actual transportation services provided to Plaintiff and does not in any way violate her civil and constitutional rights.

## VII.   CONCLUSION

For the foregoing reasons, the Defendant Access Services respectfully requests that its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6) be granted as to each and every cause of action contained in Plaintiff's Complaint.

DATED:   April 27, 2016              JONES & LESTER, LLP

                                     By:   /s/ James G. Jones
                                           James G. Jones, Esq.
                                           Attorney for Defendant
                                           Access Services

# DECLARATION OF MATTHEW W. LaVERE

I, Matthew W. LaVere, declare as follows:

1. I am an attorney at law and duly licensed to practice law before all courts in the State of California. I am of counsel with Jones & Lester, LLP counsel of record for defendant Access Services. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2. As required by Local Rule 7.3 (Compliance Statement), a conference of counsel between your declarant and counsel for Plaintiff Mr. O'Brien took place via conference call on April 22, 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of April, 2016 at Oxnard, California.

_____
Matthew W. LaVere