James G. Jones, Esq. (Bar No. 043449)
jjones@joneslester.com
Matthew W. LaVere, Esq. (Bar No. 245822)
mlavere@joneslester.com
**JONES & LESTER, L.L.P.**
300 E. Esplanade Drive, Suite 1200
Oxnard, CA 93036-1247
Telephone:  (805) 604-2655
Facsimile:   (805) 604-2656

Attorneys for Defendants
ACCESS SERVICES

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE LYNCH, an individual,<br><br>Plaintiff,<br><br>        v.<br><br>ACCESS SERVICES INC., GLOBAL PARATRANSIT, INC.; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 2:16-cv-02288-MRW<br><br>**REQUEST OF DEFENDANT ACCESS SERVICES FOR JUDICIAL NOTICE IN SUPPORT MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**<br><br>Hon. Michael R. Wilner<br><br><br>Hearing Date: May 25, 2016<br>Time: 9:30 a.m.<br>Courtroom: 550 |

Defendant ACCESS SERVICES ("ACCESS") hereby requests that the Court take judicial notice of the following documents attached as Exhibits 1 and 2. This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below. This request is made in connection with ACCESS' motion to dismiss the Complaint filed by plaintiff June Lynch (Dkt. 1).

| Exhibit | Description |
|---------|-------------|
| 1 | The original complaint filed by Plaintiff June Lynch in the Los Angeles County Superior Court on March 5, 2015 (Case No. BC574568) |
| 2 | The first amended complaint filed by Plaintiff June Lynch in the Los Angeles County Superior Court on June 25, 2015 (Case No. BC574568) |

## BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion to dismiss under Fed. R. Civ. P. 12(b)(c), a court may consider facts subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Such reference to judicially noticeable facts outside the complaint does not convert the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Courts may take judicial notice of documents that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co.,* 294 F. Supp. 2d 1117, 1109 (N.D. Cal. 2003). As explained further below, the Court may take judicial notice of Exhibits 1 and 2.

Courts may take judicial notice of proceedings in other courts. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979)) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). The contents of these filings are public records that are "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These exhibits reflect the proceedings in other courts, and are

appropriate for judicial notice as set forth in *U.S. ex rel Robinson Rancheria Citizens Council*. ACCESS requests that this Court take judicial notice of Exhibits 1 and 2 solely as evidence that relevant events occurred in state court, not for the truth of any matter alleged or asserted therein by the parties.

For the foregoing reasons, Exhibits 1 and 2 may properly be considered by the Court in ruling on ACCESS' motion to dismiss.

## AUTHENTICATION

The above-referenced exhibits 1 and 2 are authenticated in the attached declaration of Matthew W. LaVere.

DATED:  April 27, 2016                                      Jones & Lester, LLP

                                       By: _____
                                              Matthew W. LaVere
                                              Attorneys for Defendant
                                              ACCESS SERVICES

JONES & LESTER, L.L.P.

**DECLARATION OF MATTHEW W. LaVERE**

I, Matthew W. LaVere, declare as follows:

1.      I am an attorney at law and duly licensed to practice law before all courts in the State of California. I am of counsel with Jones & Lester, LLP counsel of record for defendant Access Services. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2.      Attached as Exhibit 1 is a true and correct copy of the original complaint filed by Plaintiff June Lynch in the Los Angeles County Superior Court on March 5, 2015 (Case No. BC574568) against Defendants Access Services and Global Paratransit Services, Inc.

3.      Attached as Exhibit 2 is a true and correct copy of the first amended complaint filed by Plaintiff June Lynch in the Los Angeles County Superior Court on June 29, 2015 (Case No. BC574568) against Defendants Access Services and Global Paratransit, Inc.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of April, 2016 at Oxnard, California.

_____
Matthew W. LaVere

JONES & LESTER, L.L.P.

5769.59/214450.1

4

REQUEST OF AS FOR JUDICIAL NOTICE

# EXHIBIT 1

● FEE WAIVER

Filed in Forma Pauperis (CRC 3.50, et seq.) per order
dated. _____ MAR 05 2015

Amount recoverable pursuant to GC §66637 _____
Plus a one time administrative fee upon judgment if the
party becomes a judgment creditor (GC §6103.5, 68636)

Mrs. June J. Lynch
200 West 108th St Apt 19
Los Angeles, CA  90044

A612Y
01006I
DEPT 15
RICHARD FRUIN

PLAINTIFF IN PRO PER

FILED
Superior Court Of California
County Of Los Angeles

MAR 05 2015

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SOUTH JUDICIAL DISTRICT

| JUNE J. LYNCH., | CASE NO: **BC 574568** |
|---|---|
| Plaintiff, | UNLIMITED |
| vs. | COMPLAINT FOR DAMAGES |
| ACCESS, SERVICES,and DOES | CAUSES OF ACTION |
| 1 THROUGH 100; Inclusive, | 1. ELDER ABUSE |
| | 2. NEGIGLIENCE |
| Defendant. | 3. GROSS NEGIGLIENCE |
| | 4. INTENTIONAL INFLICTION |
| | OF EMOTIONAL DISTRESS |
| | 5. VIOLATION OF BUSINESS & |
| | PROFESSIONAL CODE |
| | &&17200, 17500 et seq |
| | DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows,
PRELIMINARY ALLEGATIONS

1. This Court is the proper court and this action is properly

filed in the County of Los Angeles and in this Judicial District

because Defendants, Does 1-100 inclusive; resides or does

business in the County of Los Angeles and because Defendants

Obligations and liability arise therein,

1

2.Plaintiff June J. Lynch (hereafter "Plaintiff") is a Elder

Person as described in California Civil Code as any person over

the age of 65 years, Plaintiff is a resident of Los Angeles

County.

Plaintiff June J Lynch , based upon personal knowledge as to

all act or events that Plaintiff has undertaken or witnessed,

and upon information and believe as to all others, complains and

alleges as follows:

**PARTIES**

1.Plaintiff JUNE J. LYNCH ("Plaintiff"), is and at all times

herein was an individual residing in the County of Los Angeles

County, State of California.

2. Defendants, Access is and at all times herein mentioned was,

a California Corp doing business in the County of Los Angeles

State of California, the company principle place of business is

The entire county of Los Angeles.

3. Plaintiff is informed and believes that at all times herein

mentioned Defendants sued as DOES 1 thru 100 , inclusive, and

therefore sues these Defendants by such fictitious names,

Plaintiff will amend this complaint to allege their true names

And capacities when ascertained. Plaintiff is informed and

believes, and alleges that each of the fictitiously named is

*2.*

1  responsible for the alleged occurrences and injuries to

2  Plaintiff.

3  4. Plaintiff is ignorant to the true names and capacities of

4  Defendants sued as DOES 1thru 100, inclusive, and therefore sues

5  these Defendants by such fictitious names. Plaintiff will amend

6

7  this complaint to allege their true names and capacities when

8  ascertained.

9  5. Plaintiff is informed, believes, and alleges that, at all

10  times herein mentioned, Defendants, and each of them, were the

11  agents or employees of each of the other Defendants, and in

12

13  doing the things hereinafter alleged, were acting within the

14  course and scope of such agency and/or employment and with the

15  permission and consent of his/her co-Defendants.

16  6. That venue is proper under Code of Civil Procedure §395, in

17  that Plaintiff's injuries were incurred within this

18

19  jurisdiction, and the actions that give arise to Plaintiff's

20  complaint arose within this jurisdiction.

21  **EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS**

22  7 Plaintiff exhausted her administrative remedies by filing a

23  Claim of Damages with Access, Access denied the "Claim" on or

24  about 13 Jan 2015, attached hereto as Exhibit "A", and thus,

25  Plaintiff has duly exhausted all of the required administrative

26

27  proceedings and now properly files this Complaint for Damages in

28  this Court of Law.

3.

## FACTS COMMON TO ALL CAUSES OF ACTION

9 Plaintiff June J Lynch, a 70 years old female, citizen of the United States of America was a passenger on a Access Van on or about 3 NOV 2014, at  the following location 2233 E 69th St, Long Beach, CA  90805, when the access Van return to pick me up and take me home, when the Van pulled up to the curb to pick me up from the location where this same company had previously dropped me off earlier that same day the 3rd of NOV 2015, about 0835hrs/8:35 am; upon the arrival of the Access Van, the driver who was approx 25-35 yrs old, mixed negro descendant  brown complexion, medium build, 5' 2"- 5' 4" approx. 145lbs-155lbs shoulder length off black hair, driver spoke with an accent; proceeded to lower the "lift Gate" which is used to assist the passenger

As I stepped onto the van, the driver obviously didn't know how to operate the "lift" on the Van after making two, or three steps onto the ramp/lift that had been lowered to "help" me access the van more comfortable, the "lift ramp" was mistakenly And unprofessionally lifted or it malfunctioned in the middle of me stepping on it, violently knocking my head and my back face down to the floor of the van, I was knocked off my feet and knocked into the steel frame-work on the Van, which Severely injured my shoulder, face, back of my arm also injuring my

4.

1   wrist, and also gave me severe headaches which "Blurred my

2   vision!

3     After laying on the Van's floor for approximately 8 to 10

4   minutes not being able to get up because I do believe that I

5   received a concussion, the driver wouldn't help me get to my

6

7   feet, she immediately pulled her cell phone out and began to

8   dial her Supervisor of which I could hear the driver asking

9   "should I help her?" and I could clearly tell that the

10  Supervisor was telling her "No don't call EMT" wait on "US"

11  (Access) to get there first! Because Access wants me to fill out

12  a paper for them, before they (Access) take me anywhere

13  regardless to my condition, she, the driver let out a folding

14

15  chair that was in the middle of the van  she help me get in the

16  seat I spoke to the office myself and tell them I was in pain

17  and I was feeling badly as though I'm going to pass out because,

18

19  of my extreme pain the office responded by telling the driver

20  and myself that "They don't care about how much pain I'm in,

21  just "don't call an ambulance!" Wait till they get there! I

22  waited while between 10-15 minutes waiting on them to arrive,

23  because of extreme pain that I was in I decided that I had to

24  get up and get some help, I got out the van without the help of

25

26  the driver a

27    After a total time of approximately 8-10 minutes of being in

28  extreme pain because of the Gross Negligence of Access

1  some strangers who passed by the incident helped me to a City

2  Bus that took me to a Hospital, MLK which was closed, the mental

3  health center personnel at the back of MLK call an ambulance to

4  transport me to  St Francis Medical Center in Lynwood,

5  California, I was checked into the hospital on 3 NOV 2014 and

6  

7  was released at 0935hrs on the 4th day of Nov 2014, because of

8  severe pain&suffering I again was checked back into St. Francis

9  Medical Center, I injured by neck, lower back, head, temple,

10  sprained knee, also I sustained a sprain wrist.. To this very

11  day I am experiencing pain from the injuries that I receive on

12  the date in question 3 NOV 2014 on "Access" Van!

13  

14                    FIRST CAUSE OF ACTION

15   COUNT ONE – VIOLATION OF THE ELDER ABUSE AND DEPENDENT ADULT

16    CIVIL PROTECTION ACT (WELFARE & INSTITUTIONS & 15600 et seq)

17  10 Plaintiff incorporates by reference the allegations contained

18  in paragraphs 1 thru 9, as though fully set forth herein.

19  

20  11. Defendants wrongful acts constitute "physical abuse" and

21  "financial abuse" of an "elder[ly]" person. Cal Wel. & Inst.

22  Code &&15610.07 15610.30. Among other things, plaintiff is

23  informed and believes that defendants have:

24   12 This Cause of Action is based upon.

25   Recognizing the increasing reported instances of abuse of

26  elderly people, the State of California has passed various

27  

28  statues making such abuse subject to unique criminal and civil

1  liability . Essentially, the law forbid the lack of care as well

2  as the physical or mental abuse of elderly dependent persons.

3  Violation of such provision can subject the perpetrator to civil

4  and, more drastically, criminal liability. The definitions are

5

6  contained in the Welfare and Institution Code and the criminal

7  penalties in the Penal Code.

8  a Wel. & Inst. Code Section 15610-.23  states "Dependent Adult"

9  means any person between the ages of 18 and 64 years who reside

10  in this state and who has physical or mental limitations that

11

12  restrict his or her ability to carry out normal activities or to

13  protect his or her rights, including, but not limited to,

14  persons who have physical or developmental disabilities, or who

15  have physical or mental abilities have diminished because of

16  age.

17                    SECOND CAUSE OF ACTION

18

19                         NEGLIGENCE

20                    (Against All Defendants)

21  13 Plaintiff incorporates by reference the allegations contained

22  in paragraphs 1 through 12 , as though fully set forth herein:

23  14 Plaintiff is informed and believes that defendants committed

24  actual and constructive negligence on or about 3 NOV 2014 by:

25   a agreeing to transport Plaintiff in their company van in a

26  safe and responsible manner,

27

28

                              7.

1  promising to deliver plaintiff to and from her destination

2  safely and on time

3  c defendants by not tending to an Elder Person at the time of

4  the accident on their "Access Van" because of the Negligence of

5  the Driver of the van,

6

7  d. by refusing to call the injured person a Ambulance,

8  e. by directing plaintiff "not to leave" stay and wait until

9  the Supervisor arrives,

10  f by telling plaintiff that she would have to wait and that

11  plaintiff would have to sign a document statement that she

12

13  relieves Access of any liability,

14  g failing to disclose to plaintiff that defendants lacked all

15  of the required training to drive and operate the "lift gate" as

16  15 Plaintiff is informed and believes that defendants , their

17  agents, or employees, and Does 1 thru 100,committed actual and

18

19  constructive negligence between Nov 2014 and Feb 2015 when

20  responding to inquires by plaintiff and plaintiff's

21  representatives about the likely cooperation involving this most

22  pressing matter.

23

24              THIRD CAUSE OF ACTION

25              GROSS NEGLIGENCE

26              (Against All Defendants)

27  16 Plaintiff incorporates by reference the allegations contained

28  In paragraphs 1 thru 15, as though fully set forth herein.

8.

17 Plaintiff is informed and believes that defendants committed actual and constructive Gross Negligence on or about 3 Nov 2014 by;

a Refusing to call an ambulance for a Elder Person in her time of extreme pain & suffering;

b failing to disclose to plaintiff that the agents and employees are instructed to call the office first when any and all accidents happen first,

c by  failing to be concerned about the well being of an elder person that they -Access are transporting on their vehicles,

d by the employees paying no attention to the injured elder person who was involved in a accident cause by the lack of training by a employee of the Defendant.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

18 Plaintiff incorporates by reference the allegations contained in paragraphs 1 thru 17, as though fully set forth herein.

19 Plaintiff is informed and believes that defendants intended to Intentional Inflict emotional Distress on or about 3 Nov 2014 And even through the "present day,"

a plaintiff has suffered severe emotional distress, and the cause was a "direct" result of the "Outrageous Conduct" of defendants,

9.

b by not assisting plaintiff after the accident that was

directly caused by the unprofessional conduct of  the driver of

Access Services employee,

c by allowing the plaintiff to lay on the floor of the van and

not calling an ambulance ,

d by immediately calling the home office and discussing the

accident with her supervisors,

e by telling plaintiff that she-the driver would not call for

help,

f by informing plaintiff that she would have to wait for "her"

supervisor to arrive at the accident site before anything could

possibly be done,

g by informing plaintiff that she would have to sign a document

stating that plaintiff "release" all liabilities as it may or

may not pertain to the defendants.

h by informing the plaintiff that they Access Services will not

pay for any medical treatment ,

i by arguing with plaintiff over the phone,

j by informing the plaintiff that they "Access Services" is

going to "Reject" the claim,

19 Plaintiff is informed and believes that defendants have acted

willfully, wantonly, and maliciously, in reckless or conscious

disregard of plaintiff's rights, and with an intent to engage in

*15.*

1   a willfully intent to inflict emotional distress on a "Senior

2   Citizen" of the State of California.

3                    **FIFTH CAUSE OF ACTION**

4   **VIOLATIONS OF BUSINESS & PROFESSIONS CODE && 17200, 17500 et seq**

5                    **(Against All Defendants)**

6

7   20 Plaintiff incorporates by references the allegations

8   contained in paragraphs 1 through 19, as though fully set forth

9   herein.

10  21 Plaintiff is informed and believes that defendants have

11  engaged in unlawful, unfair and fraudulent business acts and

12  practices as well as unfair, deceptive, untrue or misleading

13

14  advertising in violation of Business & Professions Code sections

15  17200 and 175000 et seq.

16  22 Plaintiff is informed and believes that defendants engage in

17  a variety of unlawful business acts and practices, including;

18

19  a failing to immediately comply with plaintiff's demands

20  called for in order to properly operate a vehicle that

21  transports "Elder Persons" and "handicap individuals!"

22  23 Plaintiff has incurred medical expenses and the defendants

23  has flatly refused to p-ay them saying that the accident was the

24  "fault" of the Plaintiff and the Defendants are not liable for

25  the injuries incurred.

26  24 Plaintiff is informed and believes that defendants have acted

27

28  willfully, wantonly, and maliciously, in reckless disregard for

                                *11.*

1  the safety and care of an Elder Person –The Plaintiff., also

2  defendants have  shown an absolute disregard for the rights of

3  the Plaintiff, and with an intent to engage in oppression and

4  fraud, As a result of these wrongful acts, plaintiff is not only

5  entitled to the damages described above, but also to exemplary

6  and punitive damages sufficient to set an example and deter

7  future misconduct by defendants.

8

9                                    ***

10  Wherefore, plaintiff June J. Lynch prays for judgment against

11  defendants and each of them as follows:

12    1 On the first, second, third, forth, and fifth causes of

13       action, general and special damages, but in no event less

14       than $500,000;

15

16    2 On all causes of action, restitution for medical expenses

17       which are to including "future" medical expenses,, unseen

18       as it pertains to the injuries incurred as a direct result

19       of the "Negligence" & "Gross Negligence" of the defendants,

20

21    3 On all causes of action, the costs of the suit;

22    4 On all causes of action, prejudgment interest at the

23       maximum legal rate, but in no event less than $500,000;

24    5 Such other further relief as may be just and proper.

25  Dated: 3 Feb 2015                    Respectfully Submitted,

26

27

28                                    12,

By: _____

June J. Lynch

Plaintiff In Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mrs June J Lynch<br>209 West 108th St<br>los Angeles, CA 90061 | |

TELEPHONE NO.:  FAX NO.:

ATTORNEY FOR *(Name)*: In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles

STREET ADDRESS: 111 North Hill St

MAILING ADDRESS: same as above

CITY AND ZIP CODE: los Angeles 90012

BRANCH NAME: Stanley Mosk

CASE NAME:

**FILED**
Superior Court Of California
County Of Los Angeles

MAR 05 2015

Sherri ~~~~ Officer/Clerk
By _____, Deputy

CASE NUMBER:  **BC 5 7 4 5 6 8**

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [✓] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*:  five
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5 MAR 2015

June J Lynch
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | Lynch v Access Services | CASE NUMBER | BC 5 7 4 5 6 8 |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort (23)** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☑ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☒ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Lynch v Access Services | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Lynch v Access Services | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☑ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Lynch v Access Services | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☑4. ☐5. ☐6. ☐7. ☐8. ☑9. ☐10. | ADDRESS:<br>200 West 108th St Apt 19 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>ca | ZIP CODE:<br>90061 |

**Item IV. *Declaration of Assignment:*** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Main** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 5. MAR. 2015

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

Page 4 of 4

**EXHIBIT 2**

1  PETER B. O'BRIEN, BAR NO. 49684
   KELLY L. DUENCKEL, BAR NO. 168915
2  LAW OFFICES OF PETER B. O'BRIEN
   6767 Forest Lawn Drive, Suite 215
3  Los Angeles, California  90068-1027
   (323) 851-5352 telephone
4  (323) 851-4797 fax

5  Attorneys for Plaintiff,
   JUNE LYNCH

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11

12 JUNE LYNCH,                          CASE NO: BC574568
                                        Complaint Filed: March 5, 2015
13                         Plaintiff,   Dept. 15
                                        Hon. Judge: Richard L Fruin Jr.
14 vs.

15 ACCESS SERVICES; and DOES 1
   through 25, inclusive,               FIRST AMENDED COMPLAINT
16                                      FOR DAMAGES
                           Defendants.
17                                      1. Negligence by governmental entity
                                        2. Intentional Infliction of Emotional
18                                         Distress

19
               COMES NOW the Plaintiff, JUNE LYNCH, and alleges as follows:
20

21
                       FIRST CAUSE OF ACTION
22
                         FOR NEGLIGENCE
23
                   AS AGAINST ALL DEFENDANTS
24

25
      1.     Plaintiff, JUNE LYNCH, is, and at all times herein mentioned was, a residents of
26

27                                     1

28 ─────────────────────────────────────────
                     FIRST AMENDED COMPLAINT

1 | the County of Los Angeles, State of California.

2 |     2.    Defendant, ACCESS SERVICES, (hereinafter ACCESS) is, and at all time herein

3 | mentioned herein was, a governmental entity which operates a passenger services on behalf of

4 | the County of Los Angeles. It provide transport services to, among others, people with special

5 | needs/disabilities; it is a public social services organization.

6 |     3.    Plaintiff filed her Government Tort Claim on or about November 11, 2014.  She

7 | then filed a  second Government Tort Claim on January 3, 2015.  All were timely being within

8 | 6 months of the accident at issue in this litigation so as to comply with Government Code section

9 | 945.6.  Defendant ACCESS denied the two claims, the first on or about January 13, 2015, the

10 | second on or about March 11, 2015.  Litigation  was commenced with 6 months of said denial

11 | complying with the requirement of Government Code 945.4(denial)with the requirement of

12 | Government Code 945.6 (within 6 months)

13 |     4.,    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

14 | DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names.

15 | Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

16 | Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

17 | Defendants are responsible in some actionable manner for the occurrences herein alleged and

18 | that Plaintiff's damages were legally caused by Defendants' wrongdoing.

19 |     5.    Plaintiff is informed and believe and thereon alleges that Defendants, and each of

20 | them, were the agents, employees, joint venturers, and partners of each and every one of the

21 | other Defendants and in doing the things herein alleged, were acting within the purpose of said

22 | agency, employments, joint venture and/or partnership.  Further, that each of the Defendants

23 | approved, ratified and authorized the actions of the others.

24 |     6.    On or about November 3, 2014 the driver of the Access Van arriving to pick up

25 | the plaintiff lowered the lift/gate of said Van for Plaintiff's access.  The plaintiff stepped onto

26 | said lift and in its condition and/or operation by the driver it jerked, moved, and became unstable

27 |         2

28 |         FIRST AMENDED COMPLAINT

1 | knocking her into various structures within the interior of the Van injuring her as hereinafter

2 | pled.

3 |       7.    Said lift was operated by a public employee of ACCESS in the course and scope

4 |             of

5 | her employment; her acts or omissions are a fact on which the Governmental entity's liability

6 | is established.

7 |       8.    Plaintiff alleges that ACCESS was a common carrier and in that capacity had a

8 | special relationship which defined its duty and breach. A common carrier must use the utmost

9 | care and diligence for a passenger safe carriage, a duty which applies to public carriers the

10 | character and mode of conveyance which is at issue herein, to wit, transportation of the people

11 | with special needs and/or disabled, establishes a high duty of care

12 |       9.    Plaintiff alleges that Access and its employee operating the Access Van it issue

13 | herein had a legal duty of care, breached that duty in a negligent manner and the breach of said

14 | duty was the legal cause of the resulting injures hereinafter pled.

15 |       10.    As a legal result of the wrongdoing of the Defendants, and each of them, Plaintiff

16 | suffered injures and the loss of her health, strength and activities sustaining injury to her body

17 | and shock and injury to her nervous system and person, all of which injures have caused and

18 | continue to cause Plaintiff mental and physical harm, pain and suffering in a sum yet to be

19 | determined. Plaintiff will seek leave of court to amend this pleading at the time of trial

20 |       11.    As a further legal result of the wrongdoing of Defendants, and each of them,

21 | Plaintiff has been and will, in the future, be required to employ physicians, surgeons, nurses,

22 | therapists, and other medical practitioners, and has, and in the future, will be required to incur

23 | medical and incidental expenses, all to the Plaintiff's further damage in a sum yet to be

24 | determined. Plaintiff will amend the pleadings in conformity with proof at the time of trial.

25 |       12.    As a further legal result of the wrongdoing of Defendants, and each of them,

26 | Plaintiff was prevented from attending to his usual occupation and profession, and will, in the

3

FIRST AMENDED COMPLAINT

1  future, be prevented from attending to such occupation and profession, all to the Plaintiff's
2  further damage for loss of earnings and earning capacity, past, present, and prospective, in a sum
3  yet to be determined.  Plaintiff will amend the pleadings in conformity with proof at the time of
4  trial.

5

6                    **SECOND CAUSE OF ACTION FOR INTENTIONAL**
7                        **INFLICTION OF EMOTIONAL DISTRESS**
8          13.     Plaintiff repleads and realleges paragraphs 1 through 12 as though set forth at
9  length.
10         14.     Defendant though its driver/operator employee failed to render care and
11  treatment in a timely manner upon instruction from her supervisors not to do so .  Rather
12  ACCESS wished to delay both ambulance and medical care until investigatory personnel
13  arrived putting the issue of liability before care and treatment.  Such behavior was intentional
14  and reckless.
15         15.     As a direct result of such action, the Plaintiff laid on the floor of the Access
16  Van and was told that no help would be provided until investigatory personnel arrived.
17         16.     Such behavior was extreme and outrageous being a reckless act producing
18  severe emotional distress and outrage. Denying care to a elderly woman in need of medical
19  attention and kindness was an act not countenanced by civilized society.
20         17.     Plaintiff seeks damages as alleged in paragraph 10, 11, and 12.

21

22         **WHEREFORE,** Plaintiff, JUNE LYNCH, pray judgment against Defendant,
23  ACCESS SERVICES, and Defendants, and each of them, as follows:

24

25         1.      For general damages in a sum as yet to be determined;
26         2.      For all medical and incidental expenses according to proof;

27                                              4

28  _____
                              FIRST AMENDED COMPLAINT

3.   For all loss of earnings according to proof;

4.   For costs of suit herein incurred; and

5.   For such other and further relief as the court may deem proper.


DATED:      JUNE 25, 2015        Respectfully Submitted:

                                 LAW OFFICES OF PETER B. O'BRIEN

                                 By:
                                        PETER B. O'BRIEN
                                        Attorneys for Plaintiff,
                                        JUNE LYNCH

5

FIRST AMENDED COMPLAINT

## PROOF OF SERVICE BY MAIL (1013A, 2015.5 C.C.P.)
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of/employed in the county aforesaid: I am over the age of eighteen years and not a party to the above entitled action.

My business address is: 6767 Forest Lawn Drive, Suite 215, Los Angeles, California 90068-1027.

On June 25, 2015, I served the within:

**FIRST AMENDED COMPLAINT**

on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Kenton E. Moore
McCune & Harber, LLP
515 South Figueroa Street, Suite 1150
Los Angeles, California 90071
Tel: 213-689-2500
Fax: 213-689-2501
Attorneys for Defendant, ACCESS SERVICES

___X___ **BY MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter dated is more than one day after date of deposit for mailing affidavit.

Executed on June 25, 2015, at Los Angeles, California.

___X___ **BY FACSIMILE:** By transmitting by facsimile to the number(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

___X___ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Maria Ramos
Type or print name                          Signature

6

FIRST AMENDED COMPLAINT