JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUNE LYNCH, an individual, | ) | CASE NO. CV 16-2288-R |
| | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| Plaintiff, | ) | MOTION TO DISMISS PLAINTIFF'S |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| ACCESS SERVICES INC., GLOBAL PARATRANSIT, INC.; and DOES 1 through 20 inclusive, | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Before the Court is Defendant Access Service's Motion to Dismiss Plaintiff's Complaint, which was filed on April 27, 2016 (Dkt. No. 10). This Matter was taken under submission on June 1, 2016.

    Federal courts may refrain from hearing cases in order to avoid interfering with a state proceeding. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996); *Juidice v. Vail*, 430 U.S. 327, 335 (1977). Cases that "are duplicative of a pending state proceeding" are one such example of a situation where abstention may be appropriate. *Quackenbush*, 517 U.S. at 717. "Abstention is appropriate [1] in cases presenting a federal constitutional issue which might be

mooted or presented in a different posture by a state court determination of pertinent state law . . . [2] where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar . . . [or 3] where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Colo. River Water Conservation Dist. V. United States*, 424 U.S. 800, 814-16 (1976) (citations omitted) (internal quotation marks omitted).

Plaintiff brings a federal action arising out of the claims and defenses originating in the parties' state action. This Court need not waste its resources hearing a case where the same parties, concerning the same facts, are already in the midst of state court litigation on the same issues. While Plaintiff asserts federal claims before this Court, these claims could have easily been resolved as ancillary claims within the state court proceeding. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary"). Although Plaintiff cites a number of procedural hurdles that would make adding these claims apparently tedious, Plaintiff has not asserted that state law would have prohibited Plaintiff from asserting these claims in the state proceeding—provided Plaintiff follow the state court's rules and deadlines. This Court therefore may rightly employ its discretion to GRANT Defendant's Motion to Dismiss Plaintiff's Federal Complaint.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED. (Dkt. No. 10).

Dated: June 13, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

2